Stephen J. Nutting
Law Office of Stephen J. Nutting
6th Floor Marianas Business Plaza
P.O. Box 5093 Saipan, MP 96950
Michael Chen
Michael Chen Law Offices
7330 Edna Ave.
Las Vegas, NV 89117
(*Pro Hac Vice* Pending)

*Attorneys for Plaintiff IPI (CNMI) LLC*

FILED
Clerk
District Court

DEC 1 1 2023

for the Northern Mariana Islands
By_____JP_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| Imperial Pacific International (CNMI) LLC,<br><br>Plaintiff,<br><br>Commonwealth Casino Commission of the Commonwealth of Northern Marianas Islands;<br><br>Defendant. | Case No. CV 23-00014<br><br>COMPLAINT FOR<br>1. UNCONSTITUTIONAL IMPAIRMENT OF CONTRACT AND VIOLATION OF THE CONTRACTS CLAUSE OF THE U.S AND CNMI CONSTITUTIONS;<br>2. VIOLATION OF THE TAKINGS CLAUSE OF THE U.S. CONSTITUTION;<br>3. VIOLATION OF THE DUE PROCESS CLAUSES OF THE U.S. CONSTITUTION;<br>4. BREACH OF CASINO LICENSE AGREEMENT<br>5. DECLARATORY RELIEF, INJUNCTION AND RESTITTUION.<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Imperial Pacific International (CNMI), LLC; (hereinafter referred to as "IPI"), by and through its undersigned counsels, as and for its complaint against Commonwealth Casino Commission of the Commonwealth of Northern Marianas Islands, (hereinafter referred to as "CCC"), alleges as follows:

## JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to Article 3, Section 2, of the United States Constitution and 28 U.S.C. Section 1331 in that the action arises under the Contracts, Takings, Due Process and Equal Protection Clauses of the United States Constitution, and Plaintiff's right to relief depends on resolution of substantial questions of federal laws. Jurisdiction is also invoked pursuant to 28 U.S.C. Section 1367 and principles of supplemental and ancillary jurisdiction.

## VENUE

2. Venue is proper in the federal district court for the Northern Mariana Islands in that Defendant resides and does business in this District, including business related to the claims asserted herein (28 U.S.C. Section 1391 (b) (1), the events on which the claims are based occurred in this District (28 U.S.C. Section 1391(b) (2)), and the property which is the subject of this action is located in this District (28 U.S.C. Section 1391 (b) (2)).

## IDENTIFICATION OF PARTIES

3. Plaintiff IPI is a limited liability company organized under the law of the Commonwealth of the Northern Mariana Islands, with its principal place of business at PMB 895 Box 10001, Saipan, 96950, Northern Mariana Islands. Its sole member is Best Sunshine International Ltd. (BVI). ("hereinafter referred to as "Best Sunshine"). Best Sunshine is a corporation organized under the law of the British Virgin Islands, with its principal place of business at P.O Box 957. Offshore Incorporation Centre, Road Town, Tortola, British Virgin Islands. Best Sunshine is a wholly owned subsidiary of Imperial Pacific International Holdings Ltd., a publicly traded company on the Hong Kong Stock Exchange and was incorporated under the laws of Hong Kong, China.

4.   The Commonwealth Casino Commission ("CCC") is the casino gaming regulatory agency of the Commonwealth of the Northern Mariana Islands ("CNMI") government that oversees and regulates the activities of the exclusive casino licensee operating in Saipan. CCC was established pursuant to 4 CMC Section 2313 under PL 18-56 on July 11, 2014.

**FACTUAL ALLEGATIONS**

5.   On or about August 12, 2014, IPI entered into a Casino License Agreement (CLA) with the Governor and the Commonwealth Lottery Commission. Under CLA, among other obligations, IPI would pay a fifteen million dollars ($15,000.000.00) annual Casino License Fee. IPI dutifully paid the annual license fee each year between 2014 and 2019.

6.   On December 4, 2015, CNMI promulgated Public Law 19-24, which imposes a new obligation on IPI to pay CCC an annual "Casino Regulatory Fee" of three million dollars ($3,000.000.00) on or before October 1 of each year beginning October 1, 2015 ("Regulatory Fee Statute").   That fee is due to CCC "regardless of the actual costs incurred by the [CCC]." 4 C.M.C. Section 2309 (a). IPI dutifully paid the Casino Regulatory Fee each year from 2015 through 2019.

7.   Before Public Law 19-24 was signed by then Acting Governor, Ralph DLG. Torres, the CNMI legislature's statutory language provided for a "Nonrefundable Credit" to the $3M regulatory fee.   The nonrefundable credit would allow IPI to apply the fees paid to CCC as a credit against taxes on general revenue as imposed by 4 C.MC. Section 1301. The Acting Governor vetoed the provision of "Nonrefundable Credit" with the stated reason that, "the cost of regulating casino gaming activities on Saipan are to be paid in full by the licensee." See **Exhibit A.**

8.   Due to a number of force majeure events and the suspension of the casino license by CCC, IPI has been unable to make the payment for the annual regulatory fee since October 1, 2020.

9. On or about December 1, 2023, CCC issued a demand of $17,625,000.00 related to the regulatory fees, as well as fines and penalties, as a prerequisite for IPI's license being restored and for IPI to resume its business in CNMI.

## CONSTITUTIONAL GROUNDS

10. The Contracts Clause of the United States Constitution (U.S. Const. Art. I. Section 10, cl. 1) prohibits any state from passing a "law impairing the obligation of contracts."

11. Section 1 of the CNMI Constitution likewise states that "[n]o law shall be made that is a bill of attainder, an ex post facto law, a law impairing the obligation of contracts…"

12. Under the Takings Clause of the Fifth Amendment to the U.S. Constitution, made applicable to the States by the Fourteenth Amendment (U.S. Const., Amends. V & XIV), the government is barred "from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Armstrong v. United States*, 364 U.S. 40, 49 (1960).

13. Under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the U.S Constitution, the government shall not deprive any person of property, without due process of law, or deny to any person the equal protection of the laws.

14. In 1975, the United States and the CNMI entered into the *Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America* ("Covenant"), providing that the CNMI would have Commonwealth status, the Covenant was signed into law by the U.S. Congress in 1976 and fully implemented in November 1986.

15. Under Section 501(a) of the Covenant, the Contracts Clause, the Takings Clause, and the Due Process Clause and Equal Protection Clause of the United States Constitution are applicable to the CNMI.

## FIRST CAUSE OF ACTION

**(Against Defendant for Unconstitutional Impairment of the Contracts Clause of the United States and CNMI Constitutions)**

16. Plaintiff incorporates herein by this reference the allegations contained in the preceding paragraphs.

17. Plaintiff hereby seeks declaratory, injunctive and equitable relief to prevent CCC from violating and continuing to violate, the Contracts Clauses of the United States Constitution and CNMI Constitution.

18. CNMI and IPI had an existing contractual relationship that provides IPI with certain contractual and property rights to operate a casino in CNMI in exchange for substantial compensation to CNMI.

19. Acting under color of Commonwealth law, CCC, as an agency of CNMI, has caused IPI to suffer a substantial deprivation of its contract rights in violation of the federal and commonwealth constitutions. The Regulatory Fee Statute imposed additional fees for doing business in CNMI, which constitutes a substantial and unconstitutional impairment of the CLA. IPI was and is still required by CCC to pay the $3M annual regulatory fee as a prerequisite to exercising its existing contractual and property rights set forth explicitly in the CLA, rights for which it already has compensated the Commonwealth. In essence, CCC is double-charging IPI. The annual regulatory fees are substantial, and the impairment to the express and implied terms of the CLA is direct. The later imposed regulatory fees effectively nullify the explicit terms of the CLA and impose completely unexpected and new liabilities and limitations on the operation of IPI.

20. IPI has incurred and will continue to incur attorney's fees and costs because of these proceedings, in amounts that cannot yet be ascertained, which are recoverable in this action under the provisions of 42 U.S.C. Section 1988 (b).

## SECOND CAUSE OF ACTION

**(Against Defendant for Violation of the Taking Clause of the United States Constitution)**

21. Plaintiff incorporates herein by this reference the allegations contained in the preceding paragraphs.

22. Plaintiff hereby seeks declaratory, injunctive and equitable relief to prevent CCC from violating and continuing to violate the Takings Clause in the Fifth Amendment to the United States Constitution, made applicable to CNMI through the Fourteenth Amendment, as well as the Section 501 (a) of the Covenant.

23. Acting under color of law, CNMI has arbitrarily caused IPI to suffer a deprivation of its federal and commonwealth constitutional rights. CCC requires IPI to pay excessive and unlawful fees pursuant to the later enacted Regulatory Fee Statute without formal condemnation, as a condition for IPI to operate its business under the CLA despite the CLA already expressly providing for an annual license fee and no such regulatory fee, and further despite IPI being legally prohibited from operating the casino during the pandemic and when its license was suspended. CNMI is thereby permanently, directly and substantially interfering with IPI's use and enjoyment of its contractual and property rights, amounting to an unauthorized taking without just compensation.

24. IPI has incurred and will continue to incur attorney's fees and costs because of these proceedings, in amounts that cannot yet be ascertained, which are recoverable in this action under the provisions of 42 U.S.C. Section 1988 (b).

### THIRD CAUSE OF ACTION

### (Against Defendant for Violation of the Due Process Clauses of the United States Constitution)

25. Plaintiff incorporates herein by this reference the allegations contained in the preceding paragraphs.

26. Plaintiff hereby seeks declaratory, injunctive and equitable relief to prevent CCC from violating and continuing to violate the Due Process and Equal Protection Clauses in the Fourteenth Amendment to the United States Constitution, made applicable to CNMI by the Section 501 (a) of the Covenant.

27. Acting under color of law, CNMI has caused IPI to suffer a deprivation of its federal and commonwealth constitutional rights. CCC requires IPI to pay excessive and unlawful

fees pursuant to the later enacted Regulatory Fee Statute without due process of law in violation of Section 1 of the Fourteenth Amendment, as a condition for IPI to operate its business under the CLA.

28. Acting under color of law, CNMI has caused IPI to suffer a deprivation of its federal and commonwealth constitutional rights. CCC requires IPI alone to pay excessive and unlawful fees pursuant to the later enacted Regulatory Fee Statute, which violates the Equal Protection Clause found in Section 1 of the Fourteenth Amendment.

29. The actions of CNMI in enacting and CCC in implementing the annual regulatory fee upon IPI were and are arbitrary, capricious and unreasonable in the following respects, among others:

(a) The annual regulatory fees have the effect of circumventing the clear and unambiguous terms of the CLA, which provides for the payment of a specified business license fee as compensation for the right and privilege obtained by IPI for operating a casino in CNMI;

(b) The annual regulatory fee imposed by CNMI and as implemented by CCC, by its own explicit language, bears no reasonable relationship to the true costs of regulating the casino industry;

(c) The annual regulatory fees imposed by CNMI and as implemented by CCC, consistently exceeded the actual costs of the operation of CCC. See **Exhibit B.**

30. IPI has incurred and will continue to incur attorney's fees and costs because of these proceedings, in amounts that cannot yet be ascertained, which are recoverable in this action under the provisions of 42 U.S.C. Section 1988 (b).

### FOURTH CAUSE OF ACTIONS
### (Against Defendant for Breach of Casino License Agreement)

31. Plaintiff incorporates herein by this reference the allegations contained in the preceding paragraphs.

32. Plaintiff hereby requests declaratory, injunctive and equitable relief pursuant to 28 U.S.C. Section 2201 and Rule 57 of the Federal Rules of Civil Procedure.

33. Actual controversies have arisen between IPI and CCC with regard to whether the annual regulatory fee imposed by CCC as a prerequisite for IPI to operate its business violate the terms of the CLA.

34. CCC's unilateral and unlawful imposition on IPI of the annual regulatory fee constitutes a breach of the CLA and an improper unilateral modification of the CLA.

35. IPI seeks declaratory relief and a judicial determination, pursuant to 28 U.S.C. Section 2201 and Rule 57 of the Federal Rules of Civil Procedure:

(a). that the imposition of the annual regulatory fee is in contravention of the CLA;

(b). that the IPI is either exempt from or not subject to the annual regulatory fee because of the pre-existing agreement with CNMI;

(c). that the annual regulatory fee as applied to IPI is unconstitutional;

(d). that CCC is prohibited from enforcing the annual regulatory fee statute against IPI, or mandating CCC exempt IPI from the annual regulatory fee, given the terms of the CLA and applicable federal and Commonwealth constitutional laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff IPI prays for judgment against CCC, as an agency of CNMI, as follows:

1. For the Court to issue a declaration stating that IPI is exempt or excepted from, or not subject to the terms of the Regulatory Fee because of the express terms of the CLA entered into by IPI and CNMI prior to the enactment of the annual regulatory fees statute;

2. For the Court to issue an injunction against CCC preventing the enforcement of the Regulatory Fee Statute and collection of the annual regulatory fee against IPI, or mandating that CCC exempt or except IPI from the annual regulatory fee, given the

express terms of the CLA entered into by IPI and CNMI prior to the enactment of the annual regulatory fee statute;

3. For the Court to issue a declaration stating that the Regulatory Fee Statute, as applied to IPI, is unconstitutional;

4. For the Court to order CCC to pay restitution of all regulatory fees paid by IPI in the past;

5. For the Court to order CCC to vacate, nullify any and all adverse administrative decisions against IPI that were based upon the annual Regulatory Fee Statute, including the imposition of fees, interests and penalties for failure to pay the annual regulatory fees; as well as the suspension of its license based upon the annual regulatory fee statute;

6. For all costs of suit incurred herein;

7. For reasonable attorney's fees incurred herein;

8. For such other and further relief as the Court may deem just and proper.

Dated: December 6th, 2023
Saipan, CNMI

Respectfully submitted,

By:/s/ Stephen Nutting
Stephen Nutting
Law Office of Stephen J. Nutting
6th Floor Marianas Business Plaza
P.O. Box 5093 Saipan, MP 96950

Michael Chen
By: /s/ Michael Chen
Michael Chen Law Offices
7330 Edna Ave.
Las Vegas, NV 89117
*Pro Hac Vice* Pending

Attorneys for Plaintiff
IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC