1   Stephen J. Nutting
2   Law Office of Stephen J. Nutting
    6th Floor Marianas Business Plaza
3   P.O. Box 5093 Saipan, MP 96950
    Michael Chen
4   Michael Chen Law Offices
    7330 Edna Ave.
5   Las Vegas, NV 89117
6   (*Pro Hac Vice*)

7   *Attorneys for Plaintiff IPI (CNMI) LLC*

8

9                    **IN THE UNITED STATES DISTRICT COURT**

10                   **FOR THE NORTHERN MARIANA ISLANDS**

11

12   Imperial Pacific International (CNMI) LLC,        **CASE NO. 1:23-cv-00014**

13                   Plaintiff,                        **OPPOSITION TO DEFENDANT'S
                                                       MOTION TO DISMISS**
14                   vs.

15   Commonwealth of the Northern Mariana              **CONCURRENTLY FILED WITH THE
     Islands, Arnold Palacios, in his official and     FIRST AMENDED COMPLAINT**
16   personal capacities; Edward C. Deleon
     Guerrero, in his official and personal
17   capacities; Rafael S. Demapan, in his            **Hearing Date: February 14, 2024**
     official and personal capacities; Mariano        **Time: 8:30 a.m.**
18   Taitano, in his official and personal            **Judge: Hon. Ramona V. Manglona**
     capacities; Martin Mendiola, in his official
19   and personal capacities; Ramon M. Dela
     Cruz, in his official and personal capacities;
20   Andrew Yeom, in his official and personal
     capacities; Commonwealth Casino
21   Commission;
22
23                   Defendants.
24
25
26   ///
27   ///
28   ///

**MICHAEL CHEN LAW OFFICE**
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

## TABLE OF CONTENTS

I.   INTRODUCTION ......................................................................................................... 7

II.  FACTUAL BACKGROUND ....................................................................................... 8

III. MOTION TO DISMISS LEGAL STANDARD ......................................................... 11

    A.   RULE 12(B)(1) STANDARD ......................................................................... 11

    B.   RULE 12(B)(6) STANDARD ......................................................................... 11

IV.  LEGAL ARGUMENTS ............................................................................................. 12

    A.   IPI'S CLAIMS ARE NOT BARRED BY RES JUDICATA ............................... 12

        i.   Legal standard ................................................................................. 12

        ii.  There is no final judgment on the merits ........................................ 12

        iii. The claims are not identical. .......................................................... 13

        iv.  Affording the Commission's decision res judicata effect to bar IPI's constitutional claims in this action would also result in a manifest injustice and contravene an overriding public policy of judicial impartiality ........................ 14

    B.   IPI'S CLAIMS ARE NOT BARRED BY THE STATUTE OF LIMITATIONS ...................................... 17

        i.   The six year statute of limitation was tolled by Enforcement Action 2020-005 on October 6, 2020. ............................................................................... 17

        ii.  Issuance of Commission Order 2021-002 gave rise to a new claim, which restarted the Statue of Limitation clock. ............................................................... 18

        iii. Even if the Statute of Limitation to challenge the 4 CMC§ 2309 was not tolled on October 6, 2020 by the initiation of Enforcement Action 2020-005, the doctrine of equitable tolling would still apply. ............................................................... 20

    C.   CCC'S REMAINING ARGUMENTS ARE CURED BY THE AMENDMENT TO THE COMPLAINT .... 20

        i.   The First Amended Complaint substituted other defendants with CCC, which would render the issue whether there was sufficient service of process moot. ............................... 20

ii.     The First Amended Complaint states the claims under 42 U.S.C. § 1983, which would render the issue whether Plaintiff failed to state a claim under 42 U.S.C. § 1983 moot. ..... 21

iii.    The First Amended Complaint substituted other defendants with CCC, which would render the issue whether CCC lacks the capacity to be sued moot. ...................................... 21

iv.    The First Amended Complaint substituted other defendants with CCC, which would render the issue whether CCC is a "Person" for 42 U.S.C. § 1983 moot. ........................... 21

v.     The First Amended Complaint substituted other defendants with CCC, which would render the issue whether restitution may be awarded against CCC moot............................ 22

**V.     CONCLUSION .............................................................................................. 22**

**MICHAEL CHEN LAW OFFICE**
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com |Call: 626.249.2002x

**TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) ..................................... 11

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................... 11

*Bennett v. Spear,* 520 U.S. 154, 177-78, 117 S. Ct. 1154, 137 L. Ed. 2d 281 (1997) ................. 18

*Berkley Assur. Co. v. Olam Americas, Inc.,* 2023 U.S. Dist. LEXIS 99994, 2023 WL 3884436. 20

*Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000)............... 11

*Caperton v. A. T. Massey Coal Co.,* 556 U.S. 868, 129 S. Ct. 2252, 173 L. Ed. 2d 1208, (2009)*,* 
......................................................................................................... 16

*Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)). ....................................................... 17

*City of Martinez v. Texaco Trading & Transp.*, 353 F.3d 758, 762 (9th Cir. 2003)..................... 11

*Congregation Etz Chaim v. City of Los Angeles*, 2011 WL 12462883, at *7 (C.D.Cal.,2011).... 15

*Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. at 99, (1957) ............................................ 11

*Contasti v. City of Solana Beach,* 2012 WL 4109207 (S. D. Cal., Sept.18, 2012)..................... 13

*Delaware State Coll. v. Ricks*, 449 U.S. 250, 258 (1980)............................................. 17

*Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC,* 753 F.3d 862, 870 (9th Cir. 2014)......... 18

*French v. Jones*, 876 F.3d 1228, 1237 (C.A.9 (Mont.), 2017) ...................................... 16

*Ga. Power Co. v. Teleport Commc'n Atlanta, Inc.,* 346 F.3d 1047, 1050 (11th Cir. 2003) ......... 18

*Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997). ................................... 11

*Gupta v. Thai Airways Int'l, Ltd.*, 487 F.3d 759 (9th Cir. 2007) ..................................... 10

*Guru Nanak Sikh Society of Yuba City v. Cnty. of Sutter*, 326 F.Supp.2d 1128, 1133 
(E.D.Cal.2003) .................................................................................... 15

*Hardesty v. Sacramento Metropolitan Air Quality Management District*, 307 F.Supp.3d 1010, 
1052 (E. D. Cal., 2018) ............................................................................ 12

*In re Estate of Dela Cruz,* 2 N.M.I. at 11........................................................... 14

*In re Estate of Ogumoro*, 1994 WL 725951, at *3 (N. Mariana Islands,1994) ........................ 14

*Jensen v. City of Sonoma,* 2008 WL 5048203 (N.D.Cal.2008) ....................................... 13

*Jensen v. United States Tennis Ass'n*, 2023 U.S. Dist. LEXIS 74413, 2023 WL 3160989. ......... 10

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

*Kimes v. Stone*, 84 F.3d 1121, 1127 (9th Cir. 1996). ................................................... 17

*Madrid v. Concho Elementary School Dist. No. 6 of Apache Cnty.*, 2008 WL 45410, at *2 (D.Ariz.,2008) ........................................................................................................ 15

*Marianas Ins. Co. v. Commonwealth Ports Auth*, 7 N. Mar. I. 507 at 510 (N. Mar. I. 2007) ...... 16

*Marshall v. Jerrico*, 446 U.S. 238, 242 (1980) ......................................................... 15

*Misischia v. Pirie*, 60 F.3d 626, 629 (9th Cir.1995) .................................................. 14

*Moloaa Farms LLC v. Kauai Planning Commission*, 2020 WL 7389741, at *12 (D. Hawaii, 2020) ................................................................................................................. 12

*PennyMac Corp v. Godinez*, 474 P.3d 264, 269-70 (Haw. 2020) ................................. 12

*Pouncil v. Tilton,* 704 F.3d 568, 581 (9th Cir. 2012). .................................................. 18

*Rivera v. Guerrero*, 4 N.M.I. 79, 84 n.37 (1993) ...................................................... 16

*Royal Crown Ins. Corp. v. Northern Mariana Islands*, 447 Fed. Appx. 760, 763 (C.A.9 (N. Mariana Islands), 2011) .......................................................................................... 14

*Spirit of Aloha Temple v. Cnty. of Maui*, 409 F.Supp.3d 889, 903–04 (D. Hawaii, 2019) .......... 13

*Taylor v. Sturgell*, 553 U.S. 880, 891, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008). ...................... 15

*U.S. v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981) ............................................. 11

*Unemployment Compensation Comm'n v. Aragon*, 329 U.S. 143,155, 67 S. Ct. 245, 91 L. Ed. 136, 11 Alaska 236 (1946). ......................................................................................... 16

*United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966). ........................................................................................................ 14

*Zhang v. Commonwealth,* 2001 MP 18 P 18, 6 N. Mar. I. 322 ..................................... 16

**Statutes**

1 CMC § 9112(d); ....................................................................................................... 18

4 C.M.C. Section 2309 (a) ............................................................................................. 7

4 CMC§ 2313 (c). ......................................................................................................... 8

**Public Law**

Public Law 19-24 ........................................................................................................... 7

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

**MICHAEL CHEN LAW OFFICE**
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com |Call: 626.249.2002x

**Rules**

Fed. R. Civ. P. 8(e). .......................................................................................... 11

Fed. R. Civ. P. 12(b)(6), ................................................................................... 11

Fed. R. Civ. P. 8(a). .......................................................................................... 10

Federal Rules of Civil Procedure 15 (a) (1) (B). ............................................... 6

Rule 201 of the Federal Rules of Evidence ................................................... 8, 9

Rule 201 of the Federal Rules of Evidence. .................................................. 8, 9

Rule 4 (m) of Federal Rules of Civil Procedure .............................................. 20

**Regulations**

NMIAC § 175-10.1-115 .................................................................................... 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MICHAEL CHEN LAW OFFICE**
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

COMES NOW Plaintiff Imperial Pacific International (CNMI) LLC, by and through its counsels, which hereby opposes Defendant Commonwealth Casino Commission ("CCC")'s Motion to Dismiss (ECF No. 4), and concurrently files the First Amended Complaint pursuant to Federal Rules of Civil Procedure 15 (a) (1) (B).

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   <u>INTRODUCTION</u>

In its complaint, (ECF No. 1) Plaintiff alleged four causes of actions: 1. Violation of the contracts clauses of the U.S. and CNMI constitutions, 2. Violation of the taking clause of the U.S. Constitution, 3. Violation of the Due Process clauses of the U.S. Constitution, and 4. Breach of the Casino License Agreement. Plaintiff sought declaratory, injunctive and equitable relief against the enacting and implementing of the law imposing an annual regulatory fee upon IPI.

Defendant CCC moved to dismiss the Complaint pursuant to Rules 12(b) (1), 12 (b) (5), and 12 (b) (6) of the Federal Rules of Civil Procedure. Defendant argues that the Complaint should be dismissed under Rule 12(b) (1) due to the doctrine of res judicata, which would deprive the Court of subject matter jurisdiction over this case. Defendant also argues that the Complaint should be dismissed for insufficient service of process under Rule 12(b) (5). Defendant further argues that the Complaint should be dismissed because the statute of limitation has run, defendant CCC has no capacity to be sued, and the case was not brought under 42 U.S.C. § 1983. Finally, Defendant CCC argues that U.S. Amendment XI protects CCC from paying monetary damages.

Concurrently with this Opposition, Plaintiff has amended its complaint and effectuated additional service of process within the time prescribed by the law, rendering moot a number of the grounds for the motion to dismiss.

On the remaining issues, Plaintiff opposes the Motion to Dismiss as further set forth below.

CCC's argument as to *res judicata* must fail because there has been no final order or judgment, the constitutional claims brought in this action are distinct from the claims litigated before the Commission (and indeed partially arise from the Commission's decision-making), and affording the Commission order *res judicata* effect would be a manifest injustice and offend the

important public interest of judicial impartiality. Simply put, the Commission cannot be expected to impartially rule on constitutional challenges against the very statutory scheme that funds the Commission and renders its existence possible.

CCC's statute of limitations argument fails because the Commission's decision-making actions and enforcement of the Regulatory Fee statute 4 CMC §2309 did not start till October 6, 2020, and did not reach a "final agency action" till April 22, 2021; and because IPI has timely asserted its constitutional claims back in its affirmative defense in 2020, thereby preserving these claims and equitably tolling the statute.

## II.   FACTUAL BACKGROUND

On or about August 12, 2014, IPI entered into a Casino License Agreement (CLA) with the Governor and the Commonwealth Lottery Commission. Under CLA, among other obligations, IPI would pay a fifteen million dollar annual Casino License Fee. IPI dutifully paid the annual license fee each year between 2014 and 2019.

On December 4, 2015, CNMI promulgated Public Law 19-24, which imposes a new obligation on IPI to pay CCC an annual "Casino Regulatory Fee" of three million dollars on or before October 1 of each year beginning October 1, 2015 ("Regulatory Fee Statute").

The Regulatory Fee is due to CCC "regardless of the actual costs incurred by the [CCC]." 4 C.M.C. Section 2309 (a). IPI dutifully paid the Casino Regulator Fee each year from 2015 through 2019.

Before Public Law 19-24 was signed by then Acting Governor, Ralph DLG. Torres, the CNMI legislature's statutory language provided for a "Nonrefundable Credit" to the Regulatory Fee such that IPI could apply the $3 million Regulatory Fee to CCC as a credit against taxes on general revenue as imposed by 4 C.MC. Section 1301. However, the Acting Governor vetoed the provision of "Nonrefundable Credit" with the stated reason that, "the cost of regulating casino gaming activities on Saipan are to be paid in full by the licensee."

Due to the onset of the Covid-19 pandemic and the government mandated shutting of the casino and all travel to Saipan, IPI was unable to make its October 1, 2020, Regulatory Fee payment. The Commission commenced several enforcement actions, including Complaint No.

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

20-005 with regard to IPI's failure to pay the Regulatory Fee on October 6, 2020. See **Exhibit A.** (Plaintiff requests the court to take judicial notice of Exhibit A under Rule 201 of the Federal Rules of Evidence.)

In response to Complaint No. 20-005, IPI asserted in its affirmative defenses that the Regulatory Fee is unconstitutional, including for the reasons that it is an unlawful taxation disguised as a fee, it deprives IPI of property without due process and is arbitrary and excessive, it violates IPI's right to equal protection, and it is an unconstitutional executive impoundment of funds. See **Exhibit B ¶¶ H, I, J, and K.** (Plaintiff requests the court to take judicial notice of Exhibit B under Rule 201 of the Federal Rules of Evidence.)

Following what are claimed to have been "evidentiary hearings,"[1]  on March 2, 2021, the Commission issued Order 2021-002 on April 22, 2021. With respect to Complaint No. 20-005, the Order contains one, short, conclusory paragraph simply finding that IPI "offered no defense" to the claims and thus violated the Regulatory Fee requirements. See **Exhibit C ¶17. (**Plaintiff requests the court to take judicial notice of Exhibit C under Rule 201 of the Federal Rules of Evidence.) The Order overlooks IPI's affirmative defenses related to its constitutional challenge to the Regulatory Fee, and offers no analysis or finding on these constitutional claims.

Notably, the Commissioners are not lawyers, and instead the qualifications of a commissioner include the following: "A Commission member must be an adult, and possess a good moral character, a bachelor's degree in any field of study from a postsecondary educational institution accredited in the United States or must have at least five years of work experience in the following areas: business management, government management, or financial management." 4 CMC§ 2313 (c).

More importantly, and by Defendant's own admission, "although the Commission has an account separate from the central government pursuant to P.L. 19-24, the funds [for the

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

---

[1]  The rules for evidence at the hearing are that "Any relevant evidence, not subject to a claim of privilege, may be admitted regardless of any rule of evidence which would bar such evidence in judicial matters." NMIAC § 175-10.1-1415 (d) (2).

Commission] were dependent ***solely on Plaintiff's payment of the Casino Regulatory Fee***." (emphasis added) (ECF No. 4 Motion to Dismiss, Page 24).

Furthermore, the Executive Director of CCC, which initiated the complaint against IPI, is hired by CCC and serves "at the pleasure of the Commission." NMIAC § 175-10.1-115.

In other words, the Commission derives its sole funding from the very Regulatory Fee that IPI is claiming is unconstitutional.

On March 15, 2022, the Superior Court for the Commonwealth of the Northern Mariana Islands issued its order affirming the Commission Order. See **Exhibit D.** (Plaintiff requests the court to take judicial notice of Exhibit D under Rule 201 of the Federal Rules of Evidence.) As the constitutional issues were clearly not within the scope of the underlying Commission Order, the court ruling similarly does not address any of the constitutional concerns raised in IPI's initial affirmative defense before the Commission.

Likewise, the Commonwealth Supreme Court's Order issued on August 25, 2023, primarily addresses the *force majeure* issue, and does not address any such constitutional arguments. See **Exhibit E.** (Plaintiff requests the court to take judicial notice of Exhibit E under Rule 201 of the Federal Rules of Evidence.)

Notably, however, the CNMI Supreme Court affirms in part, reverses in part, and remands the matter back to the Commission for further proceedings consistent with the opinion.

On October 16, 2023, CNMI Superior Court thus issued its order "return[ing] this matter to CCC for proceedings consistent with the NMI Supreme Court's" order. See **Exhibit F.** (Plaintiff requests the court to take judicial notice of Exhibit F under Rule 201 of the Federal Rules of Evidence.)

On November 30, 2023, without any hearing or notice to IPI, the Commission issued a "Notice of Payment Deadline" letter in which it reasoned that "Many contracts provide a thirty-day cure period for monetary default to provide sufficient time for the party to perform its obligations of making payments" and, therefore, "Thirty days is sufficient time" for IPI to pay $62,010,280, which includes the accrued Regulatory Fees. (*Decl. of Howyo Chi*). The

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

Commission has not issued any other order on this matter and it thus remains open before the Commission.

### III.  MOTION TO DISMISS LEGAL STANDARD

#### A.  **Rule 12(b) (1) Standard**

Defendant cites *Gupta v. Thai Airways Int'l, Ltd*., 487 F.3d 759 (9th Cir. 2007) to support its assertion that claim preclusion defenses such as *res judicata* may be considered by a Rule 12(b) (1) motion to dismiss for lack of subject matter jurisdiction. Such interpretation is a misreading of *Gupta*, as the doctrine of *res judicata* is not a proper subject for a Rule 12(b) (1) motion and should instead be either pleaded as an affirmative defense required by FED. R. CIV. P. 8(c) (1) or brought by a Rule 12(b) (6) motion, see *Jensen v. United States Tennis Ass'n*, 2023 U.S. Dist. LEXIS 74413, 2023 WL 3160989.

The *Gupta* case involved both the issue of *res judicata* and the issue of subject matter jurisdiction under the Foreign Sovereign Immunities Act (FSIA). Plaintiff brought the case initially in California state court and the state court determined that the defendant was immune under FSIA. The state court's decision was not appealed and was final. Plaintiff brought another identical case in federal court in Los Angeles, and Defendant filed a motion under Rule 12(b)(1) and raised the defense of *res judicata* in the federal court because the earlier state court's decision had already resolved the subject matter jurisdiction issue. In the *Gupta* case, due to its unique nature, the issues of subject matter jurisdiction and *res judicata* merged, so the motion to dismiss was brought under Rule 12 (b) (1). The *Gupta* case is a dissimilar case since the instant action does not involve any issue of subject matter jurisdiction in any previous proceedings.

 Therefore, it is inappropriate to present the doctrine of *res judicata* in a Rule 12 (b) (1) motion, and the motion should be denied for this reason.

Nevertheless, Plaintiff will address the *res judicata* issue under the 12(b)(6) standard.

#### B.  **Rule 12(b) (6) Standard**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a

claim." *See, e.g., Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to merely "'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. at 99, (1957)).

The Supreme Court in *Twombly* has adopted a "plausibility standard," in which the complaint must simply "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." *Twombly, supra*, 550 U.S. at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 570). "[A]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

Rule 12(b)(6) motions are disfavored, and should rarely be granted if there is a possibility of amendment. *U.S. v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981) (Rule 12(b)(6) relief is only appropriate in extraordinary circumstances).

## IV. LEGAL ARGUMENTS

**A. IPI's claims are not barred by *res judicata***

    **i. Legal standard**

"*Res judicata* applies where there is (1) a final judgment on the merits, (2) an identity of claims, and (3) identity or privity between parties. *Id.* If any of these three factors are not met, *res judicata* is inapplicable. *City of Martinez v. Texaco Trading & Transp.*, 353 F.3d 758, 762 (9th Cir. 2003)."

    **ii. There is no final judgment on the merits**

The record is clear that there is no final judgment on the merits. Although CCC rests its argument on the finality of its own administrative Commission decision (Order 2021-002

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

concerning Complaint No. 20-005 regarding the Regulatory Fee), as CCC acknowledges, that decision was appealed to the Superior Court and then to the Commonwealth Supreme Court, and those courts have only recently remanded the matter back to the Commission for further proceedings. Since this remand, the Commission has not held any further proceedings other than issuing its unilateral "Notice of Payment Deadline," and no final order or judgment has been issued, with the matter remaining open before the Commission.

Indeed, as detailed above, IPI *has* asserted and thereby preserved its constitutional arguments in its initial answer before the Commission, however those issues have never been given their day in court or litigated.

Furthermore, for the reasons set forth further below, it would not be appropriate to litigate those issues before the Commission itself, and instead they should be litigated in court.

For this reason alone, CCC's *res judicata* argument should be rejected. *See Moloaa Farms LLC v. Kauai Planning Commission*, 2020 WL 7389741, at *12 (D. Hawaii, 2020) ("*res judicata* does not apply unless the administrative proceedings were completed before the federal suit was filed"); *PennyMac Corp v. Godinez*, 474 P.3d 264, 269-70 (Haw. 2020) (explaining that ongoing or continuing proceedings are not final for purposes of *res judicata*).

### iii.    The claims are not identical.

Setting aside the lack of finality, the Commission decision upon which CCC relies should not be given *res judicata* effect for the additional reason that IPI's constitutional claims asserted in this action were not litigated before the Commission and necessarily could not have been litigated.

Contrary to CCC's suggestion at p.4 of its motion, the record, whether at the Commission or in the subsequent appeal, is devoid of any evidence that the constitutionality of the underlying regulatory fee statute as enacted or enforced by the Commission was litigated. *Hardesty v. Sacramento Metropolitan Air Quality Management District*, 307 F.Supp.3d 1010, 1052 (E. D. Cal., 2018) ("Even if plaintiffs had a full opportunity to litigate in the Board of Supervisors and BZA hearings, the court does not find any preclusion of plaintiffs' due process claims. As the court has discussed above, the County's deprivation of plaintiffs' vested right to mine occurred

**MICHAEL CHEN LAW OFFICE**
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

without the required *Calvert* hearing, and the subsequent 2010 hearings did not permit plaintiffs to put defendants' deprivation at issue.").

Moreover, the Commission's recent "Notice of Payment Deadline" letter announcing – based on its own regular meeting and without any further hearings or evidence from IP – that thirty days for IPI to pay sixty-two million dollars is a "reasonable deadline" – ***itself constitutes a further basis for IPI's constitutional claims asserted in this action***.

Constitutional claims which arise, in part, on the administrative agency's own decision-making are necessarily distinct from claims asserted in the agency proceedings and thus such agency decision cannot have *res judicata* effect on those claims. *Spirit of Aloha Temple v. Cnty. of Maui*, 409 F.Supp.3d 889, 903–04 (D. Hawaii, 2019) (plaintiff's first amendment constitutional claim could not have been adjudicated by a planning commission because plaintiff had no first amendment violation to allege until the planning commission had concluded its proceedings and denied their permit application); *Contasti v. City of Solana Beach,* 2012 WL 4109207 (S. D. Cal., Sept.18, 2012) ("The Court finds that the primary right presented by Plaintiffs in this action is outside the scope of the issue that was litigated during the City Council hearings. The Court concludes that the preclusive effect of the City Council's decision does not extend to the substantive due process claim presented in this federal action."); *Jensen v. City of Sonoma,* 2008 WL 5048203 (N.D.Cal.2008) (concluding that a state administrative decision did not preclude Plaintiff's alleged constitutional claims as those claims arose out of conduct at the administrative hearing).

IPI's constitutional claims, therefore, are distinct from the claims actually litigated at the Commission, which primarily involved issues related application of the *force majeure* clause. Here, in contrast, the claims and evidence would involve the enactment and enforcement of the challenged statute, 4 CMC§ 2309 and the harms involve IPI's constitutional rights to be free from unconstitutional taking, its due process rights, and its right to be free from unconstitutional impairment of contract.

    **iv.**    <u>**Affording the Commission's decision *res judicata* effect to bar IPI's**</u>
        <u>**constitutional claims in this action would also result in a manifest**</u>

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**injustice and contravene an overriding public policy of judicial impartiality.**

With respect to an administrative agency's decision in particular, a further ground for not affording it *res judicata* effect is where "it was (1) void when issued, or (2) the record is patently inadequate to support the agency's decision, or if according the ruling *res judicata* effect would (3) ***contravene an overriding public policy*** or (4) ***result in a manifest injustice***." *In re Estate of Ogumoro*, 1994 WL 725951, at *3 (N. Mariana Islands,1994) (emphasis added, citing *In re Estate of Dela Cruz,* 2 N.M.I. at 11).    Thus, "the policy of according *res judicata* effect to administrative rulings which appear final, must be tempered with "fairness and equity." *Ogumoro*, 1994 WL 725951, at *4 (citing *Dela Cruz*, at 11 n.7). "Neither collateral estoppel nor *res judicata* is rigidly applied. Both rules are qualified or rejected when their application would contravene an overriding public policy or result in a manifest injustice." *Id.*, (citing *Dela Cruz* at 12 n. 7) (holding that to afford administrative decision with *res judicata* would result in manifest injustice where the administrative record was patently inadequate to support the decision).

Therefore, for an agency administrative determination to have preclusive effect in federal court, the agency must have "complied with the fairness requirements of federal common law." *Royal Crown Ins. Corp. v. Northern Mariana Islands*, 447 Fed. Appx. 760, 763 (C.A.9 (N. Mariana Islands), 2011) (citing *Misischia v. Pirie,* 60 F.3d 626, 629 (9th Cir.1995)) (additional citations omitted).[2]    To have preclusive effect in federal court, the state administrative determination must satisfy the requirements of fairness set out in *United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966). *Misischia*, 60 F.3d at 629. These requirements are: (1) that the administrative agency act in a judicial capacity, (2)

---

[2] These cases and other cases where courts afford *res judicata* effect to an administrative decision involve the administrative body acting in a true judicial capacity where it is deciding a dispute between two other parties and hearing evidence on specific issues and applying law to the evidence.   Here, in contrast, the constitutional claims asserted in this action concern the Commissions' own decision-making and call into question the statute that underpins the Commissions' own funding, meaning the Commission cannot sit in a true judicial capacity on these issues, and posing significant due process concerns with giving *res judicata* effect to any Commission decision on these issues.

1  that the agency resolve disputed issues of fact properly before it, and (3) that the parties have an

2  adequate opportunity to litigate. *Id.*, citing *Utah Constr.,* 384 U.S. at 422, 86 S.Ct. at 1560.

3      Judicial impartiality and due process are essential in this analysis. See *Marshall v. Jerrico*,

4  446 U.S. 238, 242 (1980) (the neutrality requirement helps to guarantee that life, liberty, or

5  property will not be taken on the basis of an erroneous or distorted conception of the facts or the

6  law and preserves both the appearance and reality of fairness . . . by ensuring that no person will

7  be deprived of his interests in the absence of a proceeding in which he may present his case with

8  assurance that the arbiter is not predisposed to find against him). *Hardesty Id.* at 1052

9  ("Preclusion law 'is, of course, subject to due process limitations[,]" citing *Taylor v. Sturgell*,

10 553 U.S. 880, 891, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008).

11     Accordingly, courts **do not** afford *res judicata* to administrative decisions lacking in due

12 process on account of a ***conflict of interest or lack of impartiality***. *Madrid v. Concho*

13 *Elementary School Dist. No. 6 of Apache Cnty.*, 2008 WL 45410, at *2 (D.Ariz.,2008) (denying

14 motion to dismiss based on *res judicata* from administrative decision where plaintiff asserted

15 "that conflicts of interest and bias precluded the Board from properly considering his termination

16 and precluded him from having an adequate opportunity to litigate his concerns" and thus

17 plaintiff raised factual issues with respect to the *Utah Construction* elements that made dismissal

18 inappropriate); *Congregation Etz Chaim v. City of Los Angeles*, 2011 WL 12462883, at *7

19 (C.D.Cal.,2011) (improper to give preclusive effect to administrative decision because the

20 constitutional claim raised by the lawsuit "could not have been before [administrative agency]

21 because it was [their] ultimate decision . . . and the allegedly discriminatory nature of that

22 decision, that gave rise to plaintiff's claims…it would be counterintuitive, to say the least, for a

23 federal court to shield local government officials from scrutiny under the Constitution and

24 federal civil rights laws by giving preclusive effect to their allegedly discriminatory decisions.

25 Federal common law does not command such an abdication of judicial responsibility." (citing

26 *Guru Nanak Sikh Society of Yuba City v. Cnty. of Sutter*, 326 F.Supp.2d 1128, 1133

27 (E.D.Cal.2003) ("the lawsuit before the court challenges the Board's own actions and therefore

28 could not possibly have been decided by the Board in a manner warranting preclusion.")).

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

Here, the problem with the Commission's argument is that the Commission itself derives all of its revenue from the annual three million dollar regulatory fee that IPI is challenging as unconstitutional. This is an inherent conflict of interest that raises a significant due process concern. To afford the Commission's decision *res judicata* effect over IPI's constitutional challenge to the regulatory fee would, therefore, be manifestly unjust.

It would also contravene the overriding public policy in favor of an impartial judiciary. *Caperton v. A. T. Massey Coal Co.,* 556 U.S. 868, 129 S. Ct. 2252, 173 L. Ed. 2d 1208, (2009)*,* noting important policy of protecting "public confidence in the fairness and integrity of the nation's elected judges" and holding that a judge who had received a three million dollar campaign contribution from a party should have recused himself from a case involving that party); See, also *French v. Jones*, 876 F.3d 1228, 1237 (C.A.9 (Mont.), 2017) (recognizing important public interest in preserving actual and perceived judicial impartiality).

### B. IPI's claims are not barred by the statute of limitations

#### i. The six year statute of limitation was tolled by Enforcement Action 2020-005 on October 6, 2020.

Statute of limitation is a matter of state law. In 1993, the Supreme Court of CNMI recognized the doctrine of exhaustion of administrative remedies in *Rivera v. Guerrero*, 4 N.M.I. 79, 84 n.37 (1993).

This doctrine requires that "claimants raise issues with the agency or lose the right to challenge those issues in court. Citing *Unemployment Compensation Comm'n v. Aragon*, 329 U.S. 143,155, 67 S. Ct. 245, 91 L. Ed. 136, 11 Alaska 236 (1946). *Marianas Ins. Co. v. Commonwealth Ports Auth*, 7 N. Mar. I. 507 at 510 (N. Mar. I. 2007)

In *Zhang v. Commonwealth,* 2001 MP 18 P 18, 6 N. Mar. I. 322, the CNMI Supreme Court determined that a plaintiff "should not be expected to commence simultaneously two separate actions, premised on the same facts, in both state and federal courts, since duplicate proceedings are inefficient, awkward and laborious." (citation and quotation omitted).

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com |Call: 626.249.2002x

In the *Marianas Ins. Co.* case, the CNMI Supreme Court likewise found that the challenger to an agency's decision was not expected to simultaneously commence two actions. *Id*. at 512.

When CCC initiated Enforcement Action 2020-005 on October 6, 2020, which is well before the six-year statute of limitation since the enactment of the 4 CMC §2309, in its answer to Enforcement Action 2020-005, IPI raised a number of affirmative defenses, including the unconstitutionality of 4 CMC §2309.

Following the rationale of the *Marianas Ins. Co.* case, IPI was not expected to simultaneously defend itself before CCC by raising the constitutionality defenses and file a 42 USC §1983 case before a federal forum to challenge the constitutionality of 4 CMC §2309.

As such, the six-year statute of limitation period to challenge the constitutionality of 4 CMC §2309 was effectively tolled by Enforcement Action 2020-005 and the subsequent judicial review proceedings.

  **ii.**  **Issuance of Commission Order 2021-002 gave rise to a new claim, which restarted the Statue of Limitation clock.**

Plaintiff agrees with Defendant that the six-year statute of limitation for constitutionality claims in CNMI is the applicable statue of limitation.

Plaintiff disagrees with Defendant on when the causes of action alleged in the instant action accrued.

Under federal law, "the limitations period accrues when a party knows or has reason to know of the injury" which is the basis of the cause of action. *Kimes v. Stone*, 84 F.3d 1121, 1127 (9th Cir. 1996).

To determine "when an act occurs for statute of limitations purposes, [courts] look at when the 'operative decision' occurred." *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)). Courts must distinguish "the operative decisions [from] inevitable consequences that are not separately actionable." *Delaware State Coll. v. Ricks*, 449 U.S. 250, 258 (1980). For a subsequent act to give rise to a new claim, that act "must be 'discrete' or 'independently wrongful.'" *Ervine v.*

*Desert View Reg'l Med. Ctr. Holdings, LLC,* 753 F.3d 862, 870 (9th Cir. 2014) *(*quoting *Pouncil v. Tilton,* 704 F.3d 568, 581 (9th Cir. 2012)).

4 CMC§ 2309 asks IPI to make a hefty annual regulatory fee. The enactment of this statue would give rise to potential constitutional claims. However, 4 CMC§ 2309 is not a self-executing statute, it does not specify what consequences, if any, would follow, should IPI fail to make the payment.

The first instance when IPI failed to make the regulatory fee payment was on October 1, 2020. Five days later, on October 6, 2020, CCC initiated Enforcement Action 2020-005 and threatened to suspend IPI's casino license and levy fines and other penalties. It was not till April 22, 2021, CCC issued the Commission Order 2021-002, which did in fact suspend IPI's casino license and levied fines as a result of IPI's failure to pay the regulatory fee.

Independent from the constitutionality of the statute as enacted, Commission Order 2021-002 is a "discrete" and "independently wrongful" act that gave rise to a new claim in connection with the enforcement of the statute. The issuance of Commission Order 2021-002 is not an inevitable consequence of 4 CMC§ 2309 because 4 CMC§ 2309 does not mandate CCC to use it as a bases to suspend IPI's casino license. The issuance of Commission Order 2021-002 restarted the six-year statute of limitation on April 22, 2021.

 "In administrative law, the statute of limitations period begins to run when an agency issues a "final agency action." 1 CMC § 9112(d); *see Ga. Power Co. v. Teleport Commc'n Atlanta, Inc.,* 346 F.3d 1047, 1050 (11th Cir. 2003) ("Only final agency actions can be subject to judicial review.") Two requirements must be satisfied for an agency action to be considered final. First, the action "must mark the consummation of the agency's decisionmaking process -- it must not be of a merely tentative or interlocutory nature." *Bennett v. Spear,* 520 U.S. 154, 177-78, 117 S. Ct. 1154, 137 L. Ed. 2d 281 (1997) (citations and quotations omitted). Second, the action "must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Id.* (citations and quotations omitted)." *Marianas Ins. Co.* at 512*.*

In the instant case, for purposes of the statute of limitations analysis, the "final agency action" (its finality is subject to judicial review) that is subject to the constitutionality challenges

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

were issued by CCC on April 22, 2021, as embodied in Commission Order 2021-002. As far as Commission Order 2021-002 is concerned, the instant action, which is based upon 42 USC § 1983, was timely filed.

### iii. Even if the Statute of Limitation to challenge the 4 CMC§ 2309 was not tolled on October 6, 2020 by the initiation of Enforcement Action 2020-005, the doctrine of equitable tolling would still apply.

In *Marianas Ins. Co.* case, CNMI Supreme Court recognized the validity of the doctrine of equitable tolling within the Commonwealth. *Id*. at 513.

"The application of the equitable tolling doctrine depends on an assessment of three essential elements: (1) the defendant must receive timely notice of the claims; (2) the defendant must suffer no prejudice from the delay; and (3) the plaintiff must act reasonably and in good faith." *Id*. at 513. (citations and quotations omitted).

The first two prongs are met here since CCC was presented with the affirmative defenses raised by IPI in its Answer to Enforcement Action 2020-005; and the only party suffered prejudice from the delay is IPI since IPI's exclusive casino license was effectively suspended by CCC on April 22, 2021.

Similar to the party in the *Marianas Ins. Co.* case, IPI exercised good faith and reasonable conduct throughout the exhaustion process and in filing its petition for judicial review.

It would be inequitable to punish IPI for going through the lengthy process of the administrative proceeding and the subsequent judicial review in good faith. The application of equitable tolling doctrine would also render this action as timely filed with respect to the challenges to the constitutionality of 4 CMC§ 2309.

### C. CCC's remaining arguments are cured by the amendment to the Complaint

### i. The First Amended Complaint substituted other defendants with CCC, which would render the issue whether there was sufficient service of process moot.

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MICHAEL CHEN LAW OFFICE**
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

Under Rule 4 (m) of Federal Rules of Civil Procedure, IPI has 90 days to effectuate services. It was premature for Defendant to raise the issue of insufficient service when the motion to dismiss was filed.

More importantly, the first amended complaint, which is filed concurrently with this Opposition, has substituted other defendants with CCC, it would render the issue whether there was sufficient service of process upon CCC moot. *Berkley Assur. Co. v. Olam Americas, Inc.,* 2023 U.S. Dist. LEXIS 99994, 2023 WL 3884436.

    **ii.**    **The First Amended Complaint states the claims under 42 U.S.C. § 1983, which would render the issue whether Plaintiff failed to state a claim under 42 U.S.C. § 1983 moot.**

To the extent that any claims must be made under 42 U.S.C. § 1983 in the original complaint, the first amended complaint, which is filed concurrently with this Opposition, has addressed this issue. *Berkley Assur. Co. v. Olam Americas, Inc.,* 2023 U.S. Dist. LEXIS 99994, 2023 WL 3884436.

    **iii.**    **The First Amended Complaint substituted other defendants with CCC, which would render the issue whether CCC lacks the capacity to be sued moot.**

Although IPI disagree with Defendant CCC that CCC can sue but can not be sued, since the first amended complaint has substituted other defendant with CCC, it is a moot issue. *Berkley Assur. Co. v. Olam Americas, Inc.,* 2023 U.S. Dist. LEXIS 99994, 2023 WL 3884436

    **iv.**    **The First Amended Complaint substituted other defendants with CCC, which would render the issue whether CCC is a "Person" for 42 U.S.C. § 1983 moot.**

Similarly, it is a moot point to argue whether CCC is a "person" within the meaning of 42 U.S.C. § 1983 with the filing of the first amended complaint. *Berkley Assur. Co. v. Olam Americas, Inc.,* 2023 U.S. Dist. LEXIS 99994, 2023 WL 3884436

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com |Call: 626.249.2002x

v.      **The First Amended Complaint substituted other defendants with CCC,**
**which would render the issue whether restitution may be awarded against**
**CCC moot.**

Likewise, debating whether restitution payment can be granted against CCC upon the submission of the first amended complaint is a non-debatable issue. *Berkley Assur. Co. v. Olam Americas, Inc.,* 2023 U.S. Dist. LEXIS 99994, 2023 WL 3884436.

V.   CONCLUSION

For all of the foregoing reasons, Plaintiff IPI respectfully requests that Defendant's Motion to Dismiss be DENIED in its entirety.

Dated:
January 22nd, 2024
Saipan, CNMI

Respectfully submitted,

By:/s/ Stephen Nutting
Stephen Nutting
Law Office of Stephen J. Nutting
6th Floor Marianas Business Plaza
P.O. Box 5093 Saipan, MP 96950

Michael Chen
By: /s/ Michael Chen
Michael Chen Law Offices
7330 Edna Ave.
Las Vegas, NV 89117
*Pro Hac Vice*

Attorneys for Plaintiff
IMPERIAL PACIFIC INTERNATIONAL
(CNMI), LLC