F I L E D
Clerk
District Court
JAN 24 2024
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH CASINO COMMISSION OF THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS,<br><br>Defendant. | Case No. 1:23-cv-00014<br><br>ORDER DENYING COMMONWEALTH CASINO COMMISSION'S MOTION TO DISMISS AS MOOT |

Pending before the Court is Defendant Commonwealth Casino Commission of the Commonwealth of Northern Mariana Islands' (the "CCC") Motion to Dismiss Plaintiff Imperial Pacific International (CNMI), LLC's ("IPI"), Complaint (ECF No. 1.). ("Mot.," ECF No. 4.) On December 11, 2023, IPI filed its Complaint against the CCC for (1) unconstitutional impairment of contract and violation of the contracts clause of the U.S. and Commonwealth of the Northern Mariana Islands' Constitutions; (2) violation of the takings clause of the U.S. Constitution; (3) violation of the due process clauses of the U.S. Constitution; (4) breach of Casino License Agreement; and (5) declaratory relief, injunction, and restitution. (Compl. 1.) On January 9, 2024, the CCC filed its Motion to Dismiss IPI's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (5), (6). (Mot. 1.) Fourteen days later, on January 23, 2024, IPI filed its First Amended Complaint ("FAC"). (ECF No. 7.) The same day, IPI also filed an opposition to the CCC's Motion. (Opp'n, ECF No. 8.)

First, the Federal Rules of Civil Procedure permit a party to "amend its pleading once as a matter of course" "21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P.

1

15(a)(1)(B). Therefore, because IPI filed its FAC less than twenty-one days after the CCC filed its Motion under Rule 12(b), the Court finds that IPI was permitted to do so as a matter of course.

Second, "[i]t is well-established in [the Ninth Circuit] that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896, 927-28 (9th Cir. 2012)) (citing *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)). "In other words, 'the original pleading no longer performs any function….'" *Id.* (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)).

Consequently, IPI's FAC superseded its Complaint. Because the CCC's Motion sought the dismissal of IPI's Complaint, which is no longer in effect, the Court hereby DENIES the Motion to Dismiss (ECF No. 4) as MOOT.

IT IS SO ORDERED on this 24th day of January 2024.

RAMONA V. MANGLONA
Chief Judge